UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| KEITH SCARLETT and MOZELL SCARLETT, husband and wife,<br><br>Plaintiffs,<br><br>JEFFREY JORDAN, individually, SUNBELT TRANSPORT, L.L.C., a Florida limited liability company, and NATIONAL PASSENGER CORPORATION (d/b/a AMTRAK),<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiffs, KEITH SCARLETT and MOZELL SCARLETT, husband and wife, by and through their undersigned counsel, and hereby bring this civil action for damages against Defendants, JEFFREY JORDAN, SUNBELT TRANSPORT, L.L.C., and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and state as follows:

### I.  NATURE OF THE ACTION

1. This action arises out of the July 15, 2021 train collision between AMTRAK Passenger Train 92, operated by Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK train") and a 2018 International Semi Tractor-Trailer equipped with a flatbed (hereinafter "the

truck") bearing Florida license plate number JB34JW and operated by Defendant, JEFFREY JORDAN (hereinafter "JORDAN"), within the course and scope of his employment with Defendant, SUNBELT TRANSPORT, L.L.C. (hereinafter "SUNBELT") and with the authority, permission and consent of his employer, SUNBELT.

2. In the evening hours of July 15, 2021, the AMTRAK train was proceeding northbound on tracks located in or about Putnam County, Florida en route from Lakeland towards Jacksonville, Florida.

3. As detailed herein, as a result of the negligence and respective tortious actions of Defendants, JORDAN, SUNBELT and AMTRAK, jointly and/or severally, the train collided at high speed with the truck which, at all times material hereto, was stopped with its flatbed trailer sitting directly on the tracks of that certain railroad grade crossing located along a roadway referred to as "Seminole Electric," located in Putnam County, Florida and identified as U.S. DOT Grade Crossing ID No. 627880S.

4. At the time of the collision, Plaintiffs KEITH SCARLETT and MOZELL SCARLETT, husband and wife, were passengers on the Amtrak train traveling from Lakeland to Jacksonville which was their intended destination.

## II.   PARTIES, JURISDICTION & VENUE

5. This is an action for damages in excess of $75,000, exclusive of interest and costs.

6. Plaintiffs, KEITH SCARLETT and MOZELL SCARLETT, were and are

2

citizens and residents of the State of Florida, residing in Duval County, Jacksonville, Florida and, at all times material hereto, were properly ticketed passengers en route to Jacksonville, Florida on the AMTRAK train on July 15, 2021.

7. Defendant, JORDAN, was and is a citizen and resident of the State of Georgia and, at all times material hereto, was operating the truck bearing license number JB34JW in the State of Florida and within the course and scope of his employment with Defendant, SUNBELT, which resulted in injuries to the Plaintiffs in the State of Florida and, therefore, personal jurisdiction is proper under Florida Statutes, §48.193 (1)(a) 2. in that he committed a tortious act within the State of Florida.

8. At all times material hereto, the truck was a commercial motor vehicle subject to the regulations promulgated by the Federal Motor Carrier Safety Administration (FMCSA).

9. At all times material hereto, Defendant, SUNBELT, was and is a Florida limited liability company authorized to do business in the State of Florida, and/or maintained an office in the State of Florida, and/or conducted business and/or had an office in Jacksonville, Florida, and at all times material hereto owned, maintained, and/or had the right to control or maintain the subject truck that was being operated by Defendant, JORDAN, in the State of Florida with the permission and consent of SUNBELT, and, therefore, personal jurisdiction is proper under Florida Statutes, §48.193 (1)(a) 1 and 2. in that SUNBELT operated, conducted, engaged and/or carried on a business venture in the State of Florida and has an office or agency in

Florida and committed a tortious act within the State of Florida.

10. At all times material hereto, Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, (hereinafter "AMTRAK") was and is a corporation organized and existing by virtue of an act of Congress and at all times material hereto was and is doing business in the State of Florida and was and is an interstate carrier engaged in interstate transport, operating an interstate system of railroad in and through several states, including the State of Florida.

11. At all times material hereto, all employees on-board the train, including the employee operating the train were acting within the course and scope of their employment as agents of AMTRAK and in furtherance of the business of AMTRAK. All the acts and omissions of the said employees are imputed to their employer, who is liable for such acts and omissions

12. This Court has original, federal question, jurisdiction over AMTRAK in this case pursuant to 28 U.S.C. §§ 1331 and 1349 and has supplemental jurisdiction over all other claims that are so related including claims against Defendants, JORDAN and SUNBELT, pursuant to 28 U.S.C. §1367 (a).

13. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## COUNT I
### (Negligence of Defendant JORDAN)

Plaintiffs adopt and re-allege paragraphs 1-13 above and further allege:

14. At all times material hereto Defendant, JORDAN, negligently used, controlled and/or maintained the truck so as to proximately cause it to collide with the train on which Plaintiffs were traveling as passengers thereby resulting in injuries and damages to Plaintiffs as hereinafter alleged.

15. At all times material hereto, Defendant, JORDAN, failed to comply with Florida Statutes, §316.1575(1) in that he approached the subject railroad-highway grade crossing without stopping within 50 feet but not less than 15 feet from the nearest rail of such railroad and thereafter proceeding when it was unsafe to do so.

16. At all times material hereto, Defendant, JORDAN, failed to comply with Florida Statutes, §316.1575(1)(a) in that he approached the subject railroad-highway grade crossing without stopping within 50 feet but not less than 15 feet from the nearest rail of such railroad and decided to proceed when it was unsafe to do so and when there was a clearly visible mechanical signal device which gave warning of the immediate approach of the train.

17. At all times material hereto, Defendant, JORDAN, failed to comply with Florida Statutes, §316.1575(1)(b) in that he approached the subject railroad-highway grade crossing without stopping within 50 feet but not less than 15 feet from the nearest rail of such railroad and decided to proceed when it was not safe to do so in that the crossing gate continued to give a signal of the approach of the train.

18. At all times material hereto, Defendant, JORDAN, failed to comply with

Florida Statutes, §316.1575, (1) (c) in that he approached the subject railroad-highway grade crossing without stopping within 50 feet but not less than 15 feet from the nearest rail of such railroad and decided to proceed when it was not safe to do so in that the approaching AMTRAK train was emitting an audible signal or the train, by reason of its speed or nearness to the crossing, was an immediate hazard.

19. At all times material hereto, Defendant, JORDAN, failed to comply with Florida Statutes, §316.1575(1)(d) in that he approached the subject railroad-highway grade crossing without stopping within 50 feet but not less than 15 feet from the nearest rail of such railroad and decided to proceed when it was unsafe to do so at a time that the approaching AMTRAK train was plainly visible and in hazardous proximity to the subject railroad-highway grade crossing.

20. At all times material hereto, Defendant, JORDAN, failed to comply with Florida Statutes, §316.159(3) in that as an operator of the commercial motor vehicle (the truck) he did not adequately slow the truck before stopping on the tracks of the subject railroad grade crossing and check that the tracks were clear of an approaching train.

21. At all times material hereto, Defendant, JORDAN, failed to comply with FMCSA regulation, 49 C.F.R. §392.11, in that as he approached the subject railroad grade crossing he drove the truck at a rate of speed which did not permit him to stop his commercial vehicle before reaching the nearest rail of said crossing and thereafter drove upon such crossing without taking due caution in order to ascertain that the course was clear.

22. As a direct and proximate cause of Defendant JORDAN's negligence, the Plaintiff KEITH SCARLETT suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

23. As a direct and proximate cause of the above mentioned negligence of the Defendant, JORDAN, Plaintiff, MOZELL SCARLETT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs, KEITH SCARLETT and MOZELL SCARLETT, demand judgment against the Defendant, SUNBELT TRANSPORT, L.L.C., for their respective damages, together with those costs which are taxable as a matter of law. Plaintiffs also demand trial by jury of all issues so triable as of right by a jury.

## COUNT II
### (Negligence of Defendant SUNBELT)

Plaintiffs adopt and re-allege paragraphs 1-21 above and further allege:

24. At all times material hereto, Defendant, JORDAN, was an employee, agent, and/or servant of Defendant, SUNBELT, acting within the course and scope

7

of his employment and/or agency, and as a result, Defendant, SUNBELT, is vicariously liable for the negligence of Defendant, JORDAN, under the doctrine of respondeat superior.

25. Additionally, Defendant, SUNBELT, as the owner of the truck operated by Defendant, JORDAN, is liable for the alleged collision herein under Florida's dangerous instrumentality doctrine.

26. At all times material hereto, Defendant, SUNBELT, is directly liable for its negligent hiring, training and/or retention of its truck driver, Defendant, JORDAN.

27. As a direct and proximate cause of the above-mentioned negligence of the Defendant, SUNBELT, Plaintiff, KEITH SCARLETT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

28. As a direct and proximate cause of the above-mentioned negligence of the Defendant, SUNBELT, Plaintiff, MOZELL SCARLETT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or

continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs, KEITH SCARLETT and MOZELL SCARLETT, demand judgment against the Defendant, SUNBELT TRANSPORT, L.L.C., for their damages, together with those costs which are taxable as a matter of law. Plaintiffs also demand trial by jury of all issues so triable as of right by a jury.

## COUNT III
## (Negligence against AMTRAK)

Plaintiffs adopt and re-allege paragraphs 1-26 above and further allege:

29. At all times material hereto, the person(s) in charge of operating the AMTRAK train had a duty to operate said train within the reasonable safe standards of care of the railroad industry including, but not limited to, the standards for (a) maintaining a vigilant lookout for hazardous and dangerous conditions along the train's travel route, (b) engaging in reasonably safe train handling practices when approaching a railroad grade crossing on which a truck was stopped and not moving, and (c) taking those necessary actions to slow or even stop the train prior to impact.

30. Upon information and belief, as the train approached the subject railroad grade crossing the train was traveling in excess of the track's maximum authorized speed and therefore was traveling too fast for the conditions.

31. Upon information and belief and as the train approached the subject railroad grade crossing, the train's operator knew or, in the exercise of reasonable care, should have known that the truck was stopped upon the railroad tracks and under the conditions then existing had a reasonable opportunity to (a) warn the passengers, including Plaintiffs, to brace for possible impact, (b) slow the train down

9

so as to minimize the effect of the impact with the truck, and/or (c) apply the train's brakes which could have caused the train to stop completely prior to impact with the truck.

32. At all times material hereto, the operator of the train negligently failed to pursue one or more of the reasonably available alternative courses of action as set forth above in the preceding paragraph and as a proximate result thereof the collision occurred causing injury and damages to the Plaintiffs.

33. As a direct and proximate cause of the above-mentioned negligence of the Defendant, AMTRAK, Plaintiff, KEITH SCARLETT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

34. As a direct and proximate cause of the above-mentioned negligence of the Defendant, AMTRAK, Plaintiff, MOZELL SCARLETT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs, KEITH SCARLETT and MOZELL SCARLETT,

demand judgment against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK , for their damages, together with those costs which are taxable as a matter of law.  Plaintiffs also demand trial by jury of all issues so triable as of right by a jury.

## COUNT IV
### (Loss of consortium claim by Plaintiff, MOZELL SCARLETT)

Plaintiffs adopt and re-allege paragraphs 1-32 above and further allege:

35. At all times material hereto, the Plaintiff, MOZELL SCARLETT, was and is the lawful spouse of Plaintiff, KEITH SCARLETT.

36. As a further direct and proximate result of the negligence of the Defendants, JORDAN, SUNBELT, and AMTRAK, jointly and severally, and resulting injuries to KEITH SCARLETT, as alleged above, Plaintiff, MOZELL SCARLETT, suffered a loss of her husband's companionship, consortium, services and society. Said injuries are either permanent or continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, MOZELL SCARLETT, demands judgment against the Defendants, JEFFREY JORDAN, SUNBELT TRANSPORT, L.L.C., and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, jointly and severally, for damages together with those costs which are taxable as a matter of law.  Plaintiff also demands trial by jury of all issues so triable as of right by a jury.

## COUNT V
## (Loss of consortium claim by Plaintiff, KEITH SCARLETT)

Plaintiffs adopt and re-allege paragraphs 1-32 above and further allege:

37. At all times material hereto, the Plaintiff, KEITH SCARLETT, was and is the lawful spouse of Plaintiff, MOZELL SCARLETT.

38. As a further direct and proximate result of the negligence of the Defendants, JORDAN, SUNBELT, and AMTRAK, jointly and severally, and resulting injuries to MOZELL SCARLETT, as alleged above, Plaintiff, KEITH SCARLETT, suffered a loss of his wife's companionship, consortium, services and society. Said injuries are either permanent or continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, KEITH MOZELL, demands judgment against the Defendants, JEFFREY JORDAN, SUNBELT TRANSPORT, L.L.C., and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, jointly and severally, for damages together with those costs which are taxable as a matter of law. Plaintiff also demands trial by jury of all issues so triable as of right by a jury.

Signed this 14TH day of July, 2023.

    /s/ *Matthew Posgay*
Matthew N. Posgay, Esq.
Florida Bar No.: 46590
Coker Law
136 E Bay Street
Jacksonville, FL 32202
mnp@cokerlaw.com
Telephone: (904) 356-6071
Attorney for Plaintiffs